**Thomas Freedman** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
333 SW Taylor Street, Suite 300
Portland, OR  97204
(503) 295-6296

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| AUBREY CLARK JR.,<br><br>*Plaintiff*,<br><br>-against-<br><br>CITY OF ST. HELENS; OFFICER ANTHONY J. BOSWELL; SERGEANT EVIN V. EUSTICE; OFFICER DYLAN J. GASTON; SERGEANT JOSE H. CASTIJELLA, III; JOHN DOE 1 (Columbia County District Attorney); JOHN DOE 2 (Columbia County Deputy District Attorney); and JANE DOE 1 (Victim's Advocate, Columbia County DA's Office),<br><br>*Defendants*. | Case No. 3:20-cv-1723<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, as and for his complaint, alleges as follows:

**Nature of the Action**

1.     Plaintiff, an African American man, was falsely accused of attempted sex crimes by a white woman.  Defendant police officers falsely arrested plaintiff without a lawful identification procedure and based on false evidence.  Defendant police officers and prosecutors maliciously and falsely initiated criminal proceedings against plaintiff without probable cause.  Defendant police officers and prosecutors then withheld key exculpatory evidence from plaintiff and his attorneys for more than a year, during which time plaintiff was wrongfully incarcerated

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **1** of 16
Complaint

and prosecuted.  Nearly a year after plaintiff's false arrest, defendants finally disclosed exculpatory evidence to plaintiff and his attorney, which led to dismissal of all charges.  The arrest and prosecution of plaintiff was based primarily on the fact that he was the same race as the attacker, without any corroborating evidence, and relying on implicit bias, racial profiling, a tainted identification process, and unlawful and discriminatory police work.

2.      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to recover monetary damages for deprivation of his constitutional rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments, as well as attorney's fees pursuant to 42 U.S.C. § 1988.  In addition, plaintiff brings related common law claims for false arrest, malicious prosecution, and negligence.

## Parties

3.      Plaintiff is a natural person and a resident of the state of Oregon.

4.      Defendant City of St. Helens is a municipality located in the state of Oregon.

5.      Defendant Anthony J. Boswell is a natural person and a resident of Oregon.  At all relevant times, Boswell was a police officer with the City of Saint Helens Police Depart ("SHPD") (DPSST 57289) and was acting under color of state law.

6.      Defendant Evin V. Eustice is a natural person and a resident of Oregon.  At all relevant times, Eustice was a Sergeant or supervising officer with the SHPD (DPSST 44369) and was acting under color of state law.

7.      Defendant Dylan J. Gaston is a natural person and a resident of Oregon.  At all relevant times, Gaston was a police officer with the SHPD (DPSST 47909) and was acting under color of state law.

8.      Defendant Jose H. Castijella, III, is a natural person and a resident of Oregon.  At

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **2** of 16
Complaint

all relevant times, Castijella was a Sergeant with the SHPD (DPSST 44420) and was acting under color of state law.

9.      Defendant John Doe 1 is a natural person and a resident of Oregon.  At all relevant times, John Doe 1 was the acting District Attorney of Columbia County and was acting under color of state law.

10.      Defendant John Doe 2 is a natural person and a resident of Oregon.  At all relevant times, John Doe 2 was a Deputy District Attorney with the Columbia County District Attorney's Office and was acting under color of state law.

11.      Defendant Jane Doe 1 is a natural person and a resident of Oregon.  At all relevant times, Jane Doe 1 was the victim's advocate for the Columbia County District Attorney's Office and was acting under color of state law

## Jurisdiction & Venue

12.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because this action seeks to redress the deprivation, under color of state law, of rights under the Fourth, Fifth, and Fourteenth Amendments secured by the United States Constitution and the Federal Civil Rights Act, 42 U.S.C. § 1983.

13.      This Court also has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a) because the 42 U.S.C. § 1983 violations and tort liability for the state law claims arise from a common nucleus of operative facts.

14.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

15.      Plaintiff has complied with all applicable notice and statutory requirements of the Oregon Tort Claims Act.

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **3** of **16**
Complaint

**Factual Allegations**

16.     Plaintiff restates and realleges the allegations contained in the preceding

paragraphs and incorporates the same by reference as if fully set forth herein.

17.     On February 22, 2018, Shayla Cook, who is white, claimed that an African

American man attacked her in her apartment.

18.     On March 1, 2018, Cook called 911 and reported the attack.

19.     During the initial 911 call, Cook made the following allegations:

    a.   Cook did not know the attacker.

    b.   The attacker was 6' tall.

    c.   The attacker was "stocky" and estimated to be 250 pounds with a "bigger
       chest [and] build."

    d.   The attacker was a black male with dark skin, "almost purple" in color.

    e.   The attacker had a bald head and no facial hair.

    f.   The attacker had scarred cheeks like the character "Crater Face" from the
       movie *Grease* and pock marks.

    g.   The attacker was in his late 20s.

    h.   The attacker grabbed her and pushed her on the bed, but did not sexually
       assault her, and left when she said her boyfriend was going to be home.

20.     The description given by Cook differs from plaintiff in numerous significant

ways, including:

    a.   Plaintiff is 5' 7" tall, almost a half-foot shorter than the attacker.

    b.   Plaintiff weighs 150 pounds, 100 pounds less than the attacker.

    c.   Plaintiff was 23 years old at the time, not in his late 20s.

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **4** of **16**
Complaint

    d.  Plaintiff was not bald but had an Afro hair style at the time.

    e.  Although plaintiff is African America, he has lighter skin, and not skin that would be described as dark or "almost purple."

    f.  Plaintiff does not have pock marks or scarred cheeks.

21.    Based on the 911 call, Officer Boswell wrote a brief police report dated March 1, 2018 that primarily attached printouts from the 911 call.

22.    At the time, defendant police officers did not conduct any form of identification procedure, including no lineup or photo throw down.

23.    Officer Boswell updated the police report on April 14, 2018, May 16, 2018, and June 8, 2018.  The updates contain references to additional interviews with Cook and an interview with plaintiff.

24.    In the entry for April 14, 2018, Officer Boswell states that he was responding to a "cold assault case."  Boswell took a statement from Cook, who still did not identify plaintiff by name.  Her description of the attacker was generally consistent with her initial 911 call (and inconsistent with plaintiff), but her story now morphed into one of attempted sexual assault.

25.    In the entry for May 16, 2018 -- roughly two-and-a-half months after the attack – Boswell's police report states that Cook "called in and said that the suspect was sitting on the stairs at her apartment complex.  [She] identified the suspect as, Aubrey Clark."  This is the first time that Cook "identified" plaintiff by name.

26.    It appears that one of Cook's neighbors suggested to her that plaintiff may have been her attacker.  Cook then (perhaps with the neighbor's help) was able to view a photo of plaintiff on Facebook, and decided that he was, in fact, the man who had come into her home.

27.    This was an unlawful and extremely flawed "identification" process, and one that

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **5** of **16**
Complaint

is inadmissible in Oregon courts.

28.     Again, defendants did not conduct any form of identification procedure at that time (or any point in time).

29.     In the entry for June 8, 2018, Boswell indicates that he interviewed plaintiff, who denied the attack.  Plaintiff stated that he was in Seattle at the time of the attack and gave further information about an alibi.

30.     The police report indicates that the status of the investigation is "Inactive/Suspended – Lack of Tangible Leads."

31.     The police report was reviewed and approved by Sergeant Eustice on June 11, 2018.  As discussed in detail below, the initial police reports and CAD reports were buried and withheld from defense counsel for more than a year.

32.     No arrest was made at that time and, again, no identification procedure of any kind was conducted.

33.     Cook then filed a petition for a stalking protective order ("SPO") against plaintiff.

34.     On June 7, 2018, the Columbia County Circuit Court held a hearing on Cook's petition for a SPO.

35.     At the hearing, plaintiff was not represented by counsel.  At the conclusion of the hearing, based on Cook's unsupported allegations, the Court entered an SPO against plaintiff. At the hearing, the Court, like defendants, did not conduct any identification procedure but simply allowed Cook to testify that plaintiff was her attacker.

36.     At the SPO hearing, Jane Doe 1, the victim's advocate for the Columbia County DA's Office, was present.  After hearing Cook's testimony, Jane Doe 1 contacted the Columbia

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **6** of **16**
Complaint

County DA about prosecuting plaintiff for crimes.

37.    On August 3, 2018, defendants conducted a recorded interview of Cook about her attack.

38.    At this point, the case was reassigned from Officer Boswell to Officer Gaston. The reassignment was because Cook "did not feel comfortable" with Boswell as he had not made any arrests.

39.    The recorded interview of Cook was conducted by John Doe 2 (Columbia County Deputy District Attorney), Officer Gaston, and Jane Doe 1 (Columbia County Victim's Advocate).

40.    Officer Gaston also wrote a follow-up report dated August 3, 2018.  The follow-up report indicated that Gaston spoke with Sgt. Castilleja who advised that Officer Boswell "had taken the original report from the victim, Shalya Cook."  The follow-up report states that he (unclear if "he" is a reference to Castilleja or Boswell) "advised that Cook had reported sexual abuse and that the suspect was Aubrey Clark."

41.    The follow-up report omits the initial CAD report images with the description that does not match plaintiff, omits that Cook did not report that plaintiff was the attacker until a month and a half later, omits that the officers conduced zero identification procedures, and omits that Cook's "identification" of plaintiff was based on tainted and flawed information.

42.    During the interview, none of the defendants had the initial police reports containing the original description of the attacker which varied significantly from defendant, and asked Cook no questions about the initial description, the fact that she did not identify plaintiff as her attacker until a month and a half later, or the basis of the tainted identification process.

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page 7 of 16
Complaint

43.    In general, Cook's statements concerning the incident, including 911 calls, police interviews, the SPO hearing in June 2018, and the interview with defendants on August 3, 2020, contained numerous inconsistencies, discrepancies, and contradictions, which further called into question her reliability as a witness overall and her "identification" of plaintiff as her attacker.

44.    In general, John Doe 1, John Doe 2, and Jane Doe 1 acted like complaining witnesses in swearing to the accuracy of Cook's statements, offered legal advice to the police about their conduct in the investigation, and participated in the investigative stages of the criminal case in developing false evidence against plaintiff.

45.    On September 4, 2018, John Doe 1 convened a grand jury proceeding in Columbia County Circuit Court.

46.    Cook was the only witness who testified before the grand jury; none of the police officers testified.

47.    John Doe 1 did not present any evidence to the grand jury about Cook's initial 911 call and description that varied significantly from plaintiff, the fact that Cook did not identify plaintiff as her attacker for a month and a half, the tainted identification process, the lack of any lawful identification procedure by the police, and the numerous inconsistencies and discrepancies in Cook's statements.

48.    The grand jury indicted plaintiff on ten counts, including Burglary in the First Degree; Felony Assault in the Fourth Degree (presence of a minor); Private Indecency; Harassment; Criminal Trespass in the First Degree; Menacing; Harassment; Sexual Abuse in the First Degree; and Attempted Sexual Abuse in the First Degree.

49.    Upon being indicted, defendants issued an arrest warrant for plaintiff.

50.    Officer Boswell arrested plaintiff on the warrant on September 11, 2018 when he

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR 97204
Voice: (503) 295-6296 | Email: thomas@prllaw.com

Page **8** of **16**
Complaint

encountered him on patrol.

51.     After arresting plaintiff, Officer Boswell wrote another brief police report.  He did not attach or reference his prior police reports or any of the CAD reports with the description of the attacker that varied significantly from plaintiff.  He did not reference that Cook did not identify plaintiff as the attacker for a month and a half, that no identification procedure was conducted, that Cook's identification of plaintiff was based on tainted and flawed information, or that Cook had made numerous inconsistencies and contradictions in her statements .

52.     Plaintiff was incarcerated and held at Columbia County Jail and given court-appointed counsel.

53.     Defendants withheld the earlier police reports, CAD reports, flawed identification process, lack of identification procedure, and exculpatory information from plaintiff and his attorneys for nearly a year.

54.     Finally, on or about August 29, 2019, after repeated requests from plaintiff's defense counsel, John Doe 2 produced the earlier police reports and CAD reports which exculpated plaintiff.

55.     On or about September 4, 2019, plaintiff was released from custody.

56.     On or about September 26, 2019, all charges against plaintiff were dismissed.

57.     As a direct, proximate, and foreseeable result of defendants' unlawful acts and omissions, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

58.     Plaintiff's damages include loss of liberty from on or about September 11, 2018 through on or about September 4, 2019; lost wages; anguish; stress; humiliation; pain and

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **9** of 16
Complaint

suffering; and other compensable damages.

59.     At all relevant times, defendants' conduct was malicious, willful, wanton,

egregious, and/or reckless.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Unlawful Seizure/False Arrest – Fourth Amendment)**
**(Against Defendants Boswell, Eustice, Gaston, Castilleja, John Doe 1, John Doe 2, and**
**Jane Doe 1- collectively, the "Individual Defendants" -- in Their Individual Capacities)**

60.     Plaintiff restates and realleges the allegations contained in the preceding

paragraphs and incorporates the same by reference as if fully set forth herein.

61.     As set forth with particularity above, the Individual Defendants engaged in

unlawful acts and omissions that directly caused the false arrest of plaintiff without probable

cause.

62.     The Individual Defendants' unlawful acts and omissions deprived plaintiff of his

liberty interest in freedom and being free from unlawful seizures.

63.     Among other things, the Individual Defendants had exculpatory information

indicating that plaintiff was not the attacker and buried that evidence for more than a year.

64.     The Individual Defendants refused and failed to conduct a proper and lawful

identification procedure to identify the attacker, which would have exculpated plaintiff.

65.     The Individual Defendants were aware of the tainted and flawed information that

led Cook to "identify" plaintiff as the attacker and did nothing to correct that error or bring it to

the attention of the grand jury or plaintiff's defense attorneys.

66.     As a direct, proximate, and foreseeable result of the Individual Defendants'

malicious, willful or reckless conduct, plaintiff suffered extensive deprivation of his

constitutional rights, injury, harm, and compensable economic and noneconomic damages.

67.     In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **10** of 16
Complaint

## SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983 – Malicious Prosecution - Fourth, Fifth and/or Fourteenth Amendments)**
**(Against the Individual Defendants, in Their Individual Capacities)**

68.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

69.    As set forth with particularity above, the Individual Defendants had an active role in initiating and/or continuing unfounded criminal proceedings against plaintiff.

70.    The Individual Defendants buried and withheld exculpatory evidence from the investigation, the grand jury proceedings, and the criminal prosecution of plaintiff for over a year.

71.    The Individual Defendants knowingly permitted plaintiff to be charged with and prosecuted for false crimes based on flawed evidence, no identification procedure, and tainted information.

72.    The Individual Defendants had numerous opportunities to correct the false and fabricated evidence and did not do so until nearly a year after plaintiff's arrest, during which time he was wrongfully incarcerated and prosecuted.

73.    The criminal proceedings terminated in plaintiff's favor.

74.    The Individual Defendants lacked probable cause at all relevant times.

75.    The Individual Defendants acted with malice.

76.    The Individual Defendants intended to subject plaintiff to criminal charges based on fabricated evidence, and intended to subject plaintiff to a denial of constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.

77.    As a direct, proximate and foreseeable result of the Individual Defendants' malicious, willful or reckless conduct, plaintiff suffered extensive deprivation of his

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **11** of **16**
Complaint

constitutional rights, injury, harm, and compensable economic and noneconomic damages.

78.    In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 -- Obstruction of Justice and Official Misconduct)
### (14th Amendment:  Procedural and/or Substantive Due Process)
### (Against the Individual Defendants, in Their Individual Capacities)

79.    Plaintiff restates and realleges the allegations contained in the preceding

paragraphs and incorporates the same by reference as if fully set forth herein.

80.    As set forth with particularity above, the Individual Defendants engaged in

unlawful acts and omissions that caused critical exculpatory evidence in plaintiff's criminal case

to be buried and withheld from plaintiff and his defense attorneys while the prosecution

remained open for nearly a year and plaintiff remained wrongfully imprisoned.

81.    The Individual Defendants' unlawful conduct under the circumstances violated

plaintiff's right to procedural due process under the Fourteenth Amendment and deprived him

of fair and due process and justice.

82.    The Individual Defendant's unlawful conduct under the circumstances violated

plaintiff's right to substantive due process under the Fourteenth Amendment and deprived him

of significant liberty and other constitutionally-protected interests.

83.    As a direct, proximate, and foreseeable result of the Individual Defendant's

unlawful conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury,

harm, and compensable economic and noneconomic damages.

84.    In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983 –Equal Protection - 14th Amendment))
### (Against the Individual Defendants, in Their Individual Capacities)

85.    Plaintiff restates and realleges the allegations contained in the preceding

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page 12 of 16
Complaint

paragraphs and incorporates the same by reference as if fully set forth herein.

86.    The Individual Defendants intentionally acted in a discriminatory manner, and treated plaintiff differently because he belongs to a protected class (African American).

87.    Plaintiff was falsely accused of alleged crimes by a white woman.

88.    Although plaintiff was the same race as the alleged attacker, the description of the attacker did not match plaintiff and varied in significant ways.

89.    The Individual Defendants failed and refused to conduct a proper identification procedure, instead relying on racial profiling, implicit bias, a tainted identification process, and false accusations and evidence.

90.    The Individual Defendants withheld exculpatory evidence from plaintiff and his defense attorneys for more than a year.

91.    As a direct, proximate and foreseeable result of the Individual Defendants' conduct, plaintiff was falsely arrested and prosecuted, and suffered deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

92.    In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### FIFTH CAUSE OF ACTION
**(False Arrest and False Imprisonment)**
**(Against Defendant City of St. Helens)**

93.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

94.    As set forth with particularity above, as a direct result of defendants' unlawful acts and omissions, plaintiff was wrongfully arrested and confined.

95.    Defendants intended the acts and omissions that caused plaintiff's wrongful arrest and confinement.

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page 13 of 16
Complaint

96.     Plaintiff was aware of the arrest and confinement.

97.     The arrest and confinement were unlawful under Oregon law and not privileged.

98.     As a direct, proximate and foreseeable result of defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

**SIXTH CAUSE OF ACTION**
**(Malicious Prosecution)**
**(Against Defendant City of St. Helens)**

99.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as if fully set forth herein.

100.    As set forth with particularity above, defendants had an active role in initiating and/or continuing unfounded criminal proceedings against plaintiff.

101.    Defendants had numerous opportunities to correct the false and fabricated evidence, and did not do so until almost a year after plaintiff's arrest, incarceration, and prosecution.

102.    The criminal proceedings terminated in plaintiff's favor.

103.    Defendants lacked probable cause at all relevant times.

104.    Defendants acted with malice.

105.    Defendants intended to subject plaintiff to criminal charges based on fabricated evidence.

106.    As a direct, proximate, and foreseeable result of defendants' malicious, willful or reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **14** of 16
Complaint

## ALTERNATIVE SEVENTH CAUSE OF ACTION
### (Negligence)
### (Against Defendant City of St. Helens)

107.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

108.    At all relevant times, Boswell and Gaston were the lead investigators on plaintiff's criminal case, and Eustice and Castilleja were the supervisory officers.

109.    As such, the foregoing defendants had a duty to use reasonable care in investigation, arresting, and prosecuting defendant, including:

    a.   Conducting the investigation in a fair, unbiased, impartial and objective manner;

    b.   Reviewing and investigating the description of the attacker provided in the initial 911 call;

    c.   Conducting a proper, fair, lawful, and untainted identification procedure to identify the attacker;

    d.   Ensuring that exculpatory evidence was provided to the District Attorney's Office, the grand jury proceeding, and plaintiff and his defense counsel;

    e.   Preserving and maintaining critical, exculpatory evidence;

    f.   Recording and reporting the tainted identification process that led to plaintiff being "identified" as the attacker and ensuring that evidence of the tainted "identification" was presented to the DA, the grand jury, and plaintiff and his defense team.

110.    As set forth with particularity above, defendants breached all of the foregoing duties.

Thomas Freedman, OSB 080697
333 SW Taylor, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **15** of **16**
Complaint

111.    As a direct, proximate and foreseeable result of defendants' unlawful acts, omissions and breaches of duty, plaintiff suffered injury, harm, and compensable economic and noneconomic damages.

## JURY DEMAND

112.    Plaintiff demands a trial by jury on all claims so triable.

**WHEREFORE**, plaintiff demands judgment against defendants as follows:

(i)     on plaintiff's first, second, third, and fourth causes of action, awarding plaintiff compensatory damages in an amount to be determined at trial of no less than Five Million Dollars ($5,000,000);

(ii)    on plaintiff's first, second, third, and fourth causes of action, awarding plaintiff punitive damages in an amount to be determined at trial;

(iii)   on plaintiff's first, second, third, and fourth causes of action, awarding plaintiff his reasonable attorney's fees and costs accrued in this action pursuant to 42 U.S.C. § 1988;

(iv)    on plaintiff's fifth, sixth, and seventh causes of action, awarding plaintiff general and special damages in amounts to be determined at trial to the fullest extent permitted under the Oregon Tort Claims Act;

(v)     on all causes of action, awarding plaintiff his costs, disbursements, prevailing party fees, enhanced prevailing party fees, reasonable attorney's fees, and statutory interest to the fullest extent permitted by applicable law; and

(vi)    for such other and further relief as the Court may deem just, equitable and proper.

Dated: October 5, 2020                Respectfully submitted,

                                      PEARL LAW LLC

                                      By:  /s/ Thomas Freedman
                                           **Thomas Freedman** (OSB No. 080697)
                                           333 SW Taylor St Suite 300
                                           Portland, OR  97204
                                           thomas@prllaw.com
                                           Counsel for Plaintiff

Thomas Freedman, OSB 080697
333 SW Taylor St, Suite 300, Portland, OR  97204
Voice: (503) 295-6296 | Email:  thomas@prllaw.com

Page **16** of 16
Complaint